## Investment of Trust Funds. No. 1

MARGIOTTI, Attorney General, June 30, 1936. — We have your request to be advised whether the amendment of November 7, 1933, P. L. 338, to article III, sec. 22, of the Constitution, validated the Act of April 5, 1917, P. L. 46,

as amended by the Act of July 11, 1923, P. L. 1059, which was invalid at the time of its passage because of a prohibition contained in article III, sec. 22, of the Constitution.

The act referred to above provided that trust funds held by executors, administrators, guardians, and other trustees could be invested in farm loan bonds issued by Federal land banks or joint stock land banks. Prior to the 1933 constitutional amendment, this act was very properly held unconstitutional by this department. Therefore, trust funds could not be invested in farm loan bonds of either Federal land banks or joint stock land banks.

The constitutional amendment reads as follows:

"The General Assembly may, from time to time, by law, prescribe the nature and kind of investments for trust funds to be made by executors, administrators, trustees, guardians and other fiduciaries."

The language used in the amendment is not retrospective. Therefore, the general principle of law that any amendment to the Constitution or any statute enacted by the legislature is prospective, in the absence of clear, concise language which would plainly indicate that the legislature intended that it be retrospective, applies. A statute passed contrary to the provisions of the Constitution existing at the time of its enactment, or a statute passed in the face of a prohibition in the Constitution against such a statute, is null and void and invalid ab initio, and cannot be validated unless reënacted or unless an amendment to the Constitution clearly indicates by its language that it intended to validate prior existing invalid statutes.

"An unconstitutional statute is absolutely null and void ab initio, having no binding force; and is not validated by a subsequent constitutional amendment removing the restriction by which its enactment was prohibited. Such statutes are regarded as though they had never been in existence and are not included in constitutional provisions intended to continue existing laws in force until altered

or repealed by legislative action, such provisions having reference only to such laws as are constitutional and valid": 12 C. J. 1092, §787.

The language of the amendment in question certainly does not even inferentially indicate that the amendment was to have a retrospective application. In fact, the language used indicates that the legislature would, in the future, have the power to enact laws governing the investment of trust funds. Therefore, we must construe the amendment according to the general principle of law that it is prospective and not retrospective.

Accordingly, you are advised that the Act of April 5, 1917, P. L. 46, as amended by the Act of July 11, 1923, P. L. 1059, is not validated, and trust funds cannot be invested at the present time in the farm loan bonds of joint stock land banks or Federal land banks.

From Frederic Ray, Harrisburg.